1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7
8
9
10
11

KIMBERLY B.

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. 3:19-cv-06210-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for supplemental security income ("SSI") benefits.

14
15
16
17

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the ALJ's decision is reversed and remanded for further proceedings.

18

## I.    <u>ISSUES FOR REVIEW</u>

19
20

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ properly assess Plaintiff's symptom testimony?
3. Did the ALJ err in evaluating a mental health counselor's opinion?

21

## II.    <u>BACKGROUND</u>

22
23
24

Plaintiff filed an application for SSI on April 18, 2017, alleging a disability onset date of June 3, 2015. AR 25, 238-42. Plaintiff's application was denied initially and upon reconsideration. AR 25, 130-33, 137-39. ALJ Malcolm Ross held hearings on July 17,

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

2018 and October 18, 2018. AR 63-75, 76-103. On December 20, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 22-36. On October 30, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-7.

Plaintiff seeks judicial review of the ALJ's December 20, 2018 decision. Dkt. 4.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of post-traumatic stress disorder, major depressive disorder, and generalized anxiety disorder. AR 27.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of medium work. AR 30. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff did not have any past relevant work, but could perform other medium, unskilled jobs; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 35-36, 100-01.

A.  Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff contends that the ALJ erred in evaluating an opinion from examining Kimberly Wheeler, Ph.D. Dkt. 11, pp. 4-14.

1    Under current Ninth Circuit precedent, an ALJ must provide "clear and

2 convincing" reasons to reject the uncontradicted opinions of an examining doctor, and

3 "specific and legitimate" reasons to reject the contradicted opinions of an examining

4 doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).

5    The Social Security Administration changed the regulations applicable to

6 evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still

7 requiring ALJs to explain their reasoning and specifically address how they considered

8 the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c;

9 Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-

10 01 (Jan. 18, 2017).

11    Regardless of the change to the regulations, an ALJ's reasoning must be

12 supported by substantial evidence and free from legal error *Ford v. Saul*, 950 F.3d

13 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th

14 Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

15    Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether

16 the medical opinion or finding is persuasive, based on whether it is supported and

17 whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No.

18 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021). These

19 are the two most important factors in the ALJ's evaluation of medical opinions or

20 findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting

21 explanations presented' and the 'more consistent' with evidence from other sources, the

22 more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-

23 MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2), Also,

24

25

according to 20 C.F.R. § 404.1520c(b)(3), when an ALJ finds that two or more opinions are equally supported and consistent and bear on the same issue, the ALJ must consider and articulate how other factors were considered. The ALJ is required to specifically state how they addressed the factors of supportability and consistency; in some situations, the ALJ is required to state how they addressed other factors; and the Court is required to consider whether substantial evidence supports the ALJ's analysis and decision in this regard. *Linda F. v. Saul*, at *2.

Dr. Wheeler examined Plaintiff twice during the period at issue. Dr. Wheeler first examined Plaintiff on March 7, 2017. AR 347-51. Dr. Wheeler's evaluation consisted of a clinical interview and a mental status examination. Based on the results of this evaluation, Dr. Wheeler opined that Plaintiff would have a range of moderate and marked work-related mental limitations, and that the overall severity of her impairments would be marked. AR 349.

Dr. Wheeler examined Plaintiff again on May 8, 2018. AR 472-76. Dr. Wheeler's evaluation again consisted of a clinical interview and a mental status examination, and Dr. Wheeler again opined that Plaintiff had a range of moderate and marked work-related mental limitations, and that the overall severity of her impairments would be marked. AR 474.

The ALJ found Dr. Wheeler's opinions "unpersuasive", reasoning that: (1) her opinion concerning Plaintiff's marked limitations was inconsistent with Plaintiff's activities of daily living, particularly her ability to parent three young children; (2) Dr. Wheeler's opinion appeared overly reliant on Plaintiff's self-reports; and (3) Plaintiff's

1    statements to Dr. Wheeler concerning her limitations were inconsistent with her

2    statements elsewhere in the record. AR 34.

3          Regarding the ALJ's first reason, an ALJ may discredit a claimant's testimony

4    when the claimant reports participation in everyday activities indicating capacities that

5    are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d

6    595, 600 (9th Cir.1999).

7          Here, the ALJ did not discuss Plaintiff's childcare responsibilities in any detail

8    when evaluating Dr. Wheeler's opinion, and the ALJ's conclusion that her ability to care

9    for children is inconsistent with the marked limitations assessed by Dr. Wheeler is not

10   supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir.

11   2017) (finding that in cases where there is limited information concerning an individual's

12   childcare responsibilities, the mere fact that a claimant cares for small children does not

13   constitute an adequately specific conflict with her reported limitations, and noting that

14   many home activities are not easily transferable to what may be the more grueling

15   environment of the workplace, where it might be impossible to periodically rest or take

16   medication, as individuals caring for children at home can readily do) (internal citation

17   omitted).

18         As for the ALJ's second reason, Dr. Wheeler utilized objective measures such as

19   clinical interviews and mental status examinations in forming her opinion, and there is

20   no evidence that he relied largely on Plaintiff's self-reports. *See Buck v. Berryhill*, 869

21   F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are

22   "objective measures" which "cannot be discounted as a self-report.").

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1
2
3
4
5
6

With respect to the ALJ's third reason, the ALJ has not identified particular statements of Plaintiff's that are inconsistent with Dr. Wheeler's opinion. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions).

7
8
9

Accordingly, the ALJ's evaluation of Dr. Wheeler's opinion is not supported by substantial evidence, and the ALJ has not adequately considered the factors of supportability and consistency.

10

B. Whether the ALJ erred in assessing Plaintiff's symptom testimony

11
12

Plaintiff contends that the ALJ erred by not providing clear and convincing reasons for discounting her symptom testimony. Dkt. 11, pp. 17-18.

13
14
15
16
17
18
19
20
21

In weighing a Plaintiff's statements about symptoms, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

22
23

In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning her physical and mental impairments were inconsistent with the

24
25

medical record; (2) Plaintiff made inconsistent statements concerning her relationship with her ex-husband and her mental health symptoms; and (3) Plaintiff's mental health symptoms improved with treatment. AR 31-33.

Regarding the ALJ's first reason, inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

As for the ALJ's second reason, Plaintiff's apparently inconsistent statements regarding her divorce, made at a time of significant emotional stress and reflecting the complex, evolving nature of her separation, are not a clear and convincing reason for discounting her testimony. Further, the ALJ's finding that Plaintiff never experienced hallucinations is not supported by the record, which reveals that Plaintiff exhibited symptoms consistent with her allegations concerning her mental impairments, including paranoia, flashbacks, and visual and auditory hallucinations. AR 479-80, 484-85, 488, 492, 495, 497

With respect to the ALJ's third reason, the ALJ cited brief improvement in Plaintiff's mental health symptoms and Plaintiff's statements that her symptoms improved with medications such as Citalopram and Rexulti. AR 33. These temporary improvements, and medications that showed promise in helping Plaintiff adapt to her

1    mental health symptoms are not a clear and convincing reason for discounting Plaintiff's

2    testimony. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (claimants who suffer

3    from mental conditions may have symptoms that wax and wane, with downward cycles,

4    cycles of improvement, and mixed results from treatment).

5          C.  <u>Whether the ALJ erred in evaluating a counselor's opinion</u>

6          Plaintiff contends that the ALJ erred in evaluating an opinion from mental health

7    counselor Tiffany Olsen. Dkt. 11, pp. 14-17.

8          When evaluating opinions from non-acceptable medical sources, such as a

9    mental health counselor, an ALJ may expressly disregard such testimony if the ALJ

10   provides "reasons germane to each witness for doing so." *Turner v. Commissioner of*

11   *Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503,

12   511 (9th Cir. 2001); 20 C.F.R. § 416.902.

13         However, the court notes that under new regulations applicable when Plaintiff

14   filed her application, an ALJ is "not required to articulate" how he or she evaluated

15   evidence from non-medical sources such as educational personnel, public and private

16   social welfare agency personnel, and other lay witnesses. 20 C.F.R. §§ 416.902(e);

17   416.920c(d).

18         Regardless of the applicable standard, the reasons the ALJ has cited in

19   discounting Counselor Olsen's opinion are essentially identical to the reasons the ALJ

20   cited in rejecting Dr. Wheeler's opinion and Plaintiff's testimony, which are not

21   supported by substantial evidence for the reasons discussed above. AR 34; *see supra*

22   Sections IV.A. and IV.B.

23

24

25

1

2       D.  Additional evidence

3           The record contains evidence submitted by Plaintiff after the ALJ issued his

4   decision. AR 11-15, 41-62. The Appeals Council denied review of Plaintiff's claim and

5   opted not to exhibit this evidence, reasoning that it did not show a reasonable

    probability of changing the outcome or did not relate to the period at issue. AR 2.

6           This Court must consider this additional material in determining whether the

7   ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of*

8   *Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence

9   for the first time to the Appeals Council, which considers that evidence in denying

10  review of the ALJ's decision, the new evidence is part of the administrative which the

11  district court must consider in determining whether the Commissioner's decision is

12  supported by substantial evidence).

13          Here, the evidence in question consists of an additional May 2019 opinion from

14  Dr. Wheeler that is broadly consistent with her prior opinions, and treatment notes from

15  2018 and 2019 describing Plaintiff's mental health condition. AR 11-15, 41-62. On

16  remand, the ALJ is directed to  evaluate this evidence.

17      E.  Remand for Further Proceedings

18          Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 11, p.

19  18. "'The decision whether to remand a case for additional evidence, or simply to award

20  benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682

21  (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

22  ALJ makes an error and the record is uncertain and ambiguous, the court should

23  remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

24

25

1
2
3

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

4
5

   The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

6
7
8
9

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

10
11
12
13

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). The Ninth Circuit emphasized in *Leon v. Berryhill,* 80 F.3d 1041, 1045 (9th Cir. 2017), that even when each element is satisfied, the district court has discretion to remand for further proceedings or for award of benefits.

14
15
16
17
18
19
20

   Here, the ALJ erred in evaluating the opinions of Dr. Wheeler, Counselor Olsen, and Plaintiff's testimony. Yet significant doubt remains about the nature and extent of Plaintiff's work-related limitations, and therefore another hearing is required to consider whether she is, or is not, disabled. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further proceedings when the record as a whole creates "serious doubt" as to whether the claimant is disabled within the meaning of the Social Security Act.).

21
22
23
24
25

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff to be not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to conduct another hearing, take additional evidence as necessary, and re-assess the opinions of Dr. Wheeler, Counselor Olsen, and Plaintiff's testimony on remand.

Dated this 16th day of March, 2021.

Theresa L. Fricke
United States Magistrate Judge